UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                              Chapter 11
                                                                                       Case No. 15-22254 (RDD)
CONGREGATION BIRCHOS YOSEF,

                                    Debtor.
------------------------------------------------------------x

## ORDER GRANTING DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY

Upon the motion, dated June 26, 2015 (the "Motion"), of Congregation Birchos Yosef, the debtor and debtor in possession herein (the "Debtor"), for an order enforcing the automatic stay arising in the case under 11 U.S.C. §362(a), and awarding sanctions for the violation of the automatic stay, against Bais Chinuch L'Bonois, Inc., Abraham Schwartz, Yechiel Yoel Laufer, Yisroel David Rottenberg (each a "Contemnor" and collectively the "Contemnors") and anyone acting with them in furtherance of such violation; and there being due and sufficient notice of the Motion under the circumstances, as provided in the Court's Order dated June 2015; and upon the objections submitted by the Contemnors and all other pleadings filed in connection with the Motion; and upon the record of the hearing held by the Court on the Motion on July 1, 2015 (the "Hearing") at which each of the Contemnors and their respective attorneys and the Debtor and its counsel appeared and were heard;

And, after due deliberation and for the reasons stated by the Court in its ruling on the record at the Hearing (at the conclusion of which, at approximately 12:30 p.m., the Court directed the Contemnors to comply with the relief set forth herein), the Court having found and concluded that, (a) by initiating and prosecuting after the commencement of this chapter 11 case a Rabbinical Court or *Bais Din* proceeding (the "*Bais Din*") against officers and principals of the Debtor (i) to determine the Contemnors' claims against the Debtor and the Debtor's claims

against them, and (ii) to determine whether such officers and principals of the Debtor, based solely on the conduct of such individuals in their capacity as officers and principals of the Debtor, should be sanctioned for having caused the Debtor to commence and pursue an adversary proceeding in this Court against the Contemnors (the "Adversary Proceeding"), (b) by seeking and obtaining the *Bais Din's* injunction of the Debtor's officers and principals' continued prosecution of the Adversary Proceeding, and (c) by causing the *Bais Din* to threaten the Debtor's officers and principals with a s*iruv*, or a communal shunning, if the such individuals do not submit themselves to the *Bais Din's hazmanot*, or summonses, in each instance, along with those acting on their behalf, have violated and are continuing to violate the automatic stay under 11 U.S.C. § 362(a)(1) and (3);

And the Court having further found and concluded that the foregoing violations of the automatic stay were willful for purposes of 11 U.S.C. § 362(k)(1), requiring the imposition of actual damages, including costs and attorneys' fees proximately caused by such violations, and, in appropriate circumstances, punitive damages;

And the Court having further found and concluded that the imposition of coercive sanctions as set forth herein is necessary to compel the cessation of the Contemnors' violation of the automatic stay; and good and sufficient cause appearing for the relief granted herein, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth in this Order, without prejudice to the other relief sought in the Motion; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each of the Contemnors is declared to be in contempt of court for, as set forth herein, having willfully violated the automatic stay arising in this case under 11 U.S.C. § 362(a); and it is further

**ORDERED, ADJUDGED AND DECREED**, that, by not later than 5:00 p.m. (Eastern Daylight Time) on July 2, 2015 (the "Compliance Deadline"), each Contemnor shall (a) take such action as required to (i) discontinue the *Bais Din*, (ii) vacate any and all *hazmanot* and/or *siruv* or other decree or order issued by the *Bais Din* after the commencement of this chapter 11 case concerning the Debtor and/or its officers and principals, and (iii) vacate any restraining order or decree of the *Bais Din* purporting to prohibit the Debtor and/or its officers and principals from continuing the prosecution of the Adversary Proceeding and/or any other litigation to be commenced in this case on behalf of the Debtor's estate; and it is further

**ORDERED, ADJUDGED AND DECREED**, that upon compliance with the foregoing paragraph, the Contemnors shall file with this Court one or more affirmations of compliance with the directives set forth above, including, as an exhibit to such filing, any corresponding documents issued by the *Bais Din* evidencing such discontinuances and/or vacatur; and it is further

**ORDERED, ADJUDGED AND DECREED**, that upon the failure to comply with the directives set forth herein by the Compliance Deadline, each Contemnor shall be liable to the Debtor for a sanction in the amount of $10,000.00 per diem, per Contemnor, commencing on July 3, 2015 and continuing for each day thereafter until such time as all Contemnors come into compliance with this Order; and it is further

**ORDERED, ADJUDGED AND DECREED**, that any *Bais Din* injunction, *siruv* or other order or decree issued after the commencement of this case against the Debtor and/or its officers and principals in furtherance of the Contemnors' violation of the automatic stay as found herein is void *ab initio* and of no force or effect; and it is further

3

**ORDERED**, that the Court will hold an evidentiary hearing on a date to be obtained by counsel for the parties, but no later than August 30, 2015 (provided, that such hearing may be adjourned on the parties' request), to determine (a) whether the imposition of punitive damages is warranted and (b) the amount of actual and, if warranted, punitive damages for the Contemnors' violation of the automatic stay; and it is further

**ORDERED**, that at least three business days before such hearing, (a) each party shall file and serve, with a copy to chambers, (i) a declaration in lieu of direct testimony of all of its intended witnesses who are under its control, and such witnesses shall be present at the hearing for cross examination and re-direct, and (ii) a list of any witnesses it intends to call who are not under its control, and (b) the parties, having used their good faith efforts to agree on the admissibility of as many proposed exhibits as possible, shall provide chambers with a joint exhibit binder of the exhibits that they intend to seek to have admitted into evidence.

Dated: White Plains, New York
July 2, 2015

                                                /s/Robert D. Drain
                                              HON. ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE