UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:                                                              Chapter 11


CONGREGATION BIRCHOS YOSEF,                          Case No. 15-22254 (RDD)

                         **Debtor.**
------------------------------------------------------------------------X

### ORDER AUTHORIZING THE RETENTION OF THE LAW OFFICES OF ALLEN A. KOLBER, ESQ. AS SUBSTITUTE COUNSEL TO THE DEBTOR

Upon the application, dated December 21, 2015 ("Application"), for an order pursuant to 11 U.S.C. § 327(a) authorizing the retention of the Law Offices of Allen A. Kolber, Esq. as substitute counsel to Congregation Birchos Yosef, the debtor and debtor in possession herein (the "Debtor"); and upon the Declaration of Allen A. Kolber, Esq. a copy of which his attached to the Application as Exhibit "A"; and it appearing that the Law Offices of Allen A. Kolber, Esq. is a disinterested pursuant to 11 U.S.C. § 101(14), that it does not represent an interest adverse to the Debtor or Debtor's estate with respect to the matters on which is to be employed, and that its retention is necessary and in the best interests of the Debtor and the estate; and, after due notice, there being no opposition to the Application; and no additional notice being required, it is hereby

**ORDERED**, that the Application is granted; and it is further

**ORDERED**, that the Debtor is authorized to retain of the Law Offices of Allen A. Kolber, Esq. as substitute counsel for the Debtor pursuant to 11 U.S.C. § 327(a), effective as of November 10, 2015; and it is further

**ORDERED,** that the compensation and reimbursement to be paid to the Law Offices of Allen A. Kolber, Esq. shall be subject to approval pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules, and fee and expense guidelines and Orders of this Court; and it is further

**ORDERED,** that at least ten business days before implementing any increases in the rates of the Law Offices of Allen A. Kolber, Esq. in this case, the firm shall file, and serve on the Debtor, the United States Trustee and any official committee, a supplemental declaration disclosing such increase(s). All parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for 11 U.S.C. § 330; and it is further

**ORDERED,** that, without limiting any other provision of this Order, notwithstanding the terms of the retention agreement dated November 11, 2015 annexed to the Declaration of Allen A. Kolber as Exhibit "C" (the "Retention Agreement"),

1. Attendance at trial shall not be billed at $10,000/day but at the regular hourly rates.
2. Any and all co-counsel not employed by the Law Office of Allen A. Kolber, Esq. (the "Firm") shall be retained only upon an order of the Court on proper application.
3. The retainer paid to the Firm shall not be replenished and instead shall be applied to the first fees and expenses approved by the Court until exhausted.
4. All fees and costs paid by the Debtor to any expert and all disbursements referenced on page 3 of the Retention Agreement shall be fully disclosed on the Debtor's monthly operating reports. If expensed through the Firm, the Firm shall seek the Court's approval of all expert fees and costs and any other disbursements through its fee applications.
5. The fees referenced in Item 20 on page 6 of the Retention Agreement are inapplicable to this case.

And it is further

**ORDERED,** that in the event of any conflicts between the Application or the Retention Agreement and this Order, the terms of this Order control.

Dated: White Plains, New York
January 5, 2016

    /s/Robert D. Drain
HON. ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**No Objection:**

Office of the United States Trustee

By:    */s/ Susan D. Golden*
    Susan D. Golden, Esq.