| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing Date: March 2, 2016 |
| **SOUTHERN DISTRICT OF NEW YORK** | Hearing Time: 2:00p.m. |

_____x
**In Re:**

**CONGREGATION BIRCHOS YOSEF,**                    Chapter 11

                        **Debtor.**                    Case No. 15-22254 (rdd)
_____x

## AFFIDAVIT OF ALLEN A. KOLBER, ESQ. IN FURTHER SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY

      I, Allen A. Kolber, attorney for the Debtor herein, duly admitted in this Court, affirm under the penalties of perjury as follows:

      1.     TD Bank, through its counsel, is now objecting to the withdrawal of your affiant as attorney of record. (See TD Bank's Opposition to Motion to Withdraw annexed hereto as Exhibit "A"). Of course, it is in TD Bank's best interest to oppose your affiant's Motion to Withdraw as Attorney, as nothing would benefit the bank more than to confirm its Sale Plan knowing that the Debtor is not communicating or following the directions of its own bankruptcy attorney.

      2.     Your affiant's ground to withdraw as attorney is that there has been a complete breakdown in communication between me and my client which renders it impossible to perform a feasibility analysis of any Plan alternatives to TD's Sale Plan (as directed by the Court on February 8, 2016).

      3.     TD Bank argues that granting the withdrawal would "reward" the Debtor for not complying with this Court's prior directives on performing a feasibility analysis.

      4.     Yet, this is precisely your affiant's ground for withdrawal, that I could not communicate with my client and follow the directives of the Court in formulating a feasible alternative to the Sale Plan.

**Active Role of Michael Levine, Esq.:**

5.  TD Bank then submits that we can resolve the communication issues because Michael Levine, Esq., Debtor's Special Litigation Counsel, is taking an active role in this case.

6.  Your affiant has communicated with Michael Levine, Esq. many times over the past few weeks despite the Debtor's refusal to communicate with me.

7.  However, Mr. Levine's actions, although admirable, do not take into account the overall ramifications of proposing a $7 million sale of property, with all of the proceeds going to TD Bank. In fact, in my discussions with Mr. Levine, he has stated that it is not within his realm of expertise to take into account the feasibility of any alternative plans on behalf of the Debtor, and that it is beyond his capacity to take into account how all remaining creditors (approximately $1 million worth) will be treated after the $7 million sale.

8.  Additionally, Michael Levine, Esq. has not done any analysis or accounting, regarding the balance of the secured funds owed to TD Bank after the $7 million sale proceeds are turned over to the bank.

9.  Finally, Michael Levine, Esq. has advised me that he has not been able to verify the accounting figures of TD Bank that are applicable to the principal and interest owed, the default rate of interest versus judgment rate of interest versus non-default rate of interest, and most importantly, TD Bank's attorney's fees. In fact, Michael Levine, Esq. advised me that Joseph Lubertazzi, Esq. of TD Bank advised him to just take a round figure of $250,000 for attorney's fees.

**TD Bank's Response to Debtor's Motion to Approve Proposed Sale:**

10. In TD Bank's Response to Debtor's Motion to Obtain State Court Approval of the Proposed Sale (a copy of which annexed hereto as Exhibit "B"), TD Bank states the following:

- **Paragraph 2**: "TD Bank does not fundamentally oppose the Debtor's sale of the Route 45 Property. But TD Bank must receive the sale proceeds after the payment of customary and reasonable closing costs, an amount for which TD Bank expressly reserves its rights to challenge."

- **Paragraph 3:** "TD Bank submits that the sale of the Route 45 Property should be "subsumed" into the Plan and comport with the proposed "Sale Procedures" outlined in the Plan. See Plan, Art. II.F. To that end, the Debtor should be instructed to work with TD Bank to amend the Plan to incorporate this proposed sale. TD Bank remains willing to have further discussions with the Debtor for payment of the balance of its secured claim, as well as the treatment of other creditors of the Debtor."

- **Paragraph 5**: "Moreover, the Agreement of Sale does not contemplate that the sale is subject to higher and better offers, or provide for a break-up fee or reimbursement of expenses to the purchaser if a higher and better offer is accepted. Provisions such as these are provided for in the Plan and are customary in the bankruptcy arena. These issues can be addressed in the context of amending the Plan, provided that the Debtor is instructed to work with TD Bank."

- **Paragraph 6:** "At bottom, the sale of the Route 45 Property is an important component to implementing the terms of the proposed Plan. Thus, TD Bank does not oppose the Debtor's initial efforts to sell the Route 45 Property, provided that (i) the Debtor is instructed to work with TD Bank so that the Plan is amended to incorporate the Route 45 Property sale, (ii) the sale proceeds are used to pay down TD Bank's secured claim and (iii) the proposed sale does not delay TD Bank's confirmation process."

**TD Bank's Approval of the Proposed Sale is only a Furtherance of its own Chapter 11 Sale Plan:**

11. Although TD Bank argues that my office will be able to continue to act as Debtor's counsel, if only to further the bankruptcy procedure in completing Michael Levine's efforts, it is unfortunate to say that Michael Levine's efforts may actually harm rather that assist the Debtor, and TD Bank is using Michael Levine, Esq. in order to further its own Chapter 11 Sale Plan.

12. As conceded by TD Bank, it reserves the right to challenge payment of all closing costs, it preserves its right to collect the payment of the balance of its secured claim, and it preserves the right to make the sale subject to higher and better offers.

13. In effect, the sale of one of the Debtor's properties for the sum of $7 millions only serves to place $7 millions of funds into the hands of TD Bank.  While that is an admirable achievement, this act does nothing to further a consensual or a non-Sale Plan in conjunction with TD Bank; this sale does nothing to further the interests of the remaining $1 million worth of creditors; and this act does nothing to assist your affiant or the Debtor in conducting a feasibility analysis regarding the remainder of this Chapter 11 case.

**Continued Breakdown of Communication**

14. Your affiant's breakdown of communication with the Debtor relates solely to the very issues that are now in dispute by TD Bank.

15. Since I have made my Motion to Withdraw as Attorney, I have forwarded all emails to my client, as well as written status reports to the client advising them of the danger of going forward with the $7 million sale without a feasibility analysis, as directed by the Court.

16. I have received absolutely no response from the Debtor.

**WHEREFORE,** it is respectfully requested that this Court grant my application to withdraw as Debtor's attorney, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated: Rockland County, New York
      March 1, 2016

                                            /s/  Allen A. Kolber
                                            ALLEN A. KOLBER, ESQ.
                                            Attorney for Debtor
                                            134 Route 59, Suite A
                                            Suffern, NY  10901
                                            (845) 918-1277

AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF ROCKLAND | ) |

SYLVIA BERKOWITZ, being duly affirmed, deposes and says:

I am not a party to the within action; I am over 18 years of age; I reside in Rockland County, New York.

On March 1, 2016, I served the within **AFFIDAVIT IN SUPPORT OF MOTION and APPLICATION OF ALLEN A. KOLBER, ESQ. TO WITHDRAW AS ATTORNEY OF RECORD FOR DEBTOR VIA ECF and <u>via email</u> upon:**

Breindy and Joseph Lebovits
Chaskel Landau
Congregation Birchos Yosef
201Route 306
Monsey, NY  10952

Susan D. Golden, Esq.
U.S. Trustee
U.S. Trustee's Office
33 Whitehall Street, 21st Floor
New York, NY 10004

Michael Levine, Esq.
Levine & Associates, P.C.
15 Barclay Road
Scarsdale, NY  10583

/s/ *Sylvia Berkowitz*
SYLVIA BERKOWITZ

Affirmed before me this
March 1, 2016

/s/*Allen A. Kolber*
NOTARY PUBLIC, State of New York
No. 02KO4972647
Qualified in Rockland County
Commission Expires October 1, 2018